IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Michelle Monteagudo,

    Plaintiff,

        v.

Asociacion de Empleados del Estado
Libre Asociado de Puerto Rico,

    Defendant.

Civil No. 03-2357 (GAG)

**OPINION AND ORDER**

    This is an action for hostile work environment sexual harassment. The matter is before the court on Defendant's motion for judgment as a matter of law. In this motion, Defendant asks the court to set aside the jury verdict in Plaintiff's favor and enter judgment in Defendant's favor on the ground that it met the burden of proof required under the Faragher/Ellerth defense.[1] After reviewing the pleadings and pertinent law, the court **DENIES** Defendant's motion for judgment as a matter of law (Docket No. 125).

**I.    Relevant Factual and Procedural Background**

    On December 22, 2003, Plaintiff filed this action, alleging that she was subjected to *quid pro quo* and hostile work environment sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Puerto Rico Laws 17, 69, 100, and 115. See Docket No. 1. On March 31, 2006, the court dismissed Plaintiff's *quid pro quo* sexual harassment claim under Title VII and her retaliation claims under Title VII and Puerto Rico Law 115. See Docket No. 61.

---

[1] Defendant also argues that no reasonable jury could have found that Plaintiff was subjected to a severe and pervasive hostile work environment. Because Defendant did not raise this issue in its requests for judgment as a matter of law during trial under Rule 50(a), the court finds that Defendant waived this sufficiency of the evidence challenge. See Casillas-Diaz v. Palau, 463 F.3d 77, 81 (1st Cir. 2006) (noting that "a party cannot use a Rule 50(b) motion as an instrument for introducing a neoteric legal theory - one not distinctly articulated in his end-of-the-evidence motion for judgment as a matter of law - into the case").

**Civil No. 03-2357 (GAG)**                                    2

Trial began on May 29, 1007.  See Docket No. 107.  On two different occasions, at the end of the Plaintiff's case and before the case was submitted to the jury, Defendant requested the entry of judgment as a matter of law on the Faragher/Ellerth defense.  The court denied both requests.  See Docket No. 109.  On June 1, 2007, the jury found that Plaintiff was subjected to sexual harassment in violation of Title VII and Puerto Rico Laws 17, 69, and 100, and awarded Plaintiff money for compensatory and punitive damages.  See Docket No. 114.  On the same date, the court entered judgment accordingly.  See Docket No. 118.

On June 15, 2007, Defendant filed a motion for judgment as a matter of law.  See Docket No. 125.  Plaintiff opposed Defendant's motion on June 25, 2007.  See Docket No. 130.  On June 26, 2007, Defendant replied to Plaintiff's opposition.  See Docket No. 131.  Plaintiff filed a sur-reply on June 27, 2007.  See Docket No. 134.

## II.    Standard of Review

The court's review of a renewed motion for judgment as a matter of law is very limited.  A motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure may be granted only when there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party.  See Richards v. Relentless, Inc., 342 F.3d 35, 41 (1st Cir. 2003); Guilloty Perez v. Pierluisi, 339 F.3d 43, 50 (1st Cir. 2003).  "A party seeking to overturn a jury verdict faces an uphill battle."  See Marcano Rivera v. Turabo Med. Ctr. P'ship, 415 F.3d 162, 168 (1st Cir. 2005).  "Courts may only grant a judgment contravening a jury's determination when the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party."  Id.  (quoting Rivera Castillo v. Autokirey, Inc., 370 F.3d 4, 9 (1st Cir. 2004)).  See also Acevedo-Garcia v. Monroig, 351 F.3d 547, 565 (1st Cir. 2003); Keisling v. SER-Jobs for Progress, Inc., 19 F.3d 755, 759-60 (1st Cir. 1994).

A motion for judgment as a matter of law may only may granted if "the evidence together with all reasonable inferences in favor of the verdict, could lead a reasonable person to only one conclusion, namely, that the moving part [is] entitled to judgment."  PH Group Ltd. V. Birch, 985 F.2d 649, 653 (1st Cir. 1993).  In evaluating the evidence, however, the court "may not assess the credibility of witnesses, evaluate the weight of the evidence or resolve conflicts in testimony, but

**Civil No. 03-2357 (GAG)** 3

must view all facts and reasonable inferences therefrom in the light most favorable to the non-movant." Davet v. Maccarone, 973 F.2d 22, 28 (1st Cir. 1992).

### III.     Legal Analysis

Defendant has moved for judgment as a matter of law on the ground that it met the burden of proof required under the Faragher/Ellerth defense. In the Faragher/Ellerth decisions, the Supreme Court devised a special framework for imposing vicarious liability on employers in cases involving harassment by supervisors. Reed v. MBNA Marketing Systems, Inc., 333 F.3d 27, 32 (1st Cir. 2003). The Court wrote identically in both opinions:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, *see* Fed. Rule. Civ. Proc. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. While proof that an employer had promulgated an antiharassment policy with complaint procedure is not necessary in every instance as a matter of law, the need for a stated policy suitable to the employment circumstances may appropriately be addressed in any case when litigating the first element of the defense. And while proof that an employee failed to fulfill the corresponding obligation of reasonable care to avoid harm is not limited to showing an unreasonable failure to use any complaint procedure provided by the employer, a demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the defense. No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.

Faragher v. City of Boca Raton, 524 U.S. 807, 808 (1998); Burlington Indus. v. Ellerth, 524 U.S. 764, 756 (1998).

At the close of the evidence in this case, the court instructed the jury on the Faragher/Ellerth defense. See Docket No. 111. Defendant did not object to this instruction. After deliberating for half a day, the jury found that Defendant approved an anti-sexual harassment policy which was disseminated among the employees, but did not find that Plaintiff unreasonably failed to use the procedures provided in the policy. See Docket No. 114. In this motion for judgment as a matter of law, Defendant claims that no reasonable jury could have found that Plaintiff acted reasonably when she failed to follow Defendant's anti-sexual harassment policy. The court disagrees.

Defendant's anti-sexual harassment policy provides that an employee who feels that she was the victim of sexual harassment should first attempt to discuss the matter with the Human Resources Director. If the Director is the person involved or has some relationship with the harasser, then the employee should discuss the matter with the Executive Director. At trial, Plaintiff testified that her supervisor, Arce, sexually harassed her by repeatedly touching her on the shoulders, asking her out, and on one occasion trying to kiss her. She also testified that Vargas, Defendant's Human Resources Director, was aware of Arce's unlawful behavior and was an active participant in the harassment. Vargas, on another occasion, had threatened to fire Plaintiff if she complained about excessive workload. Finally, Plaintiff testified that Pablo Crespo, Defendant's Executive Director, was friends with Arce and Vargas. Plaintiff's testimony was bolstered by Figueroa Cana, another of Defendant's employee, who said during trial that he had told Plaintiff that she did not have a real opportunity of obtaining relief because of the high ranking officers involved in the harassment and cover up. In light of the above, the court cannot conclude that no reasonable jury could have found that Plaintiff acted reasonably when she failed to follow Defendant's anti-sexual harassment policy.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion for judgment as a matter of law (Docket No. 125) is hereby **DENIED**.

**SO ORDERED**.

In San Juan, Puerto Rico this 2nd day of August 2007.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge